Shippen, Justice.
I concur in the opinion, which has been delivered. The doctrine, that debts in suit cannot be attached, depends entirely upon the superior dignity of the Courts in England, before whom the suits must be instituted; but as the same kinds of process issue in Pennsylvania from both descriptions of courts, there is no dignity to be violated here, by allowing the attachment.
As to the claim on account of the partnership, it appears pregnant with the greatest inconveniences. An honest, separate, creditor, though he had obtained, by attachment, a fair and legal lien upon the debt, would thus be compelled to wait in suspence, during an indefinite period, for the settlement of every partnership account.
Yeates, Justice.
The act of assembly pursues, in general, the Custom of London, on the subject of foreign attachments : but the decisions that prevent the operation of attachments, in the case of debts in suit, are evidently founded on that jealousy of the superior Courts in England for which, in this state, there exists no cause; since the process, for both kinds of suits, issues from both descriptions of courts. The preamble of the act, indeed, declares the propriety and the indention, to put the effects of absent debtors, and of debtors dwelling upon the spot, on an equal footing, for making restitution for debts, (1 Vol. Dall. Edit. p. 60.) but that intention would be easily frustrated, if every Foreigner, by instituting a suit, could furnish a bar to the attachment : Our courts would, in effect, be still open so nonresidents, but shut against their creditors. Even, however, in England, while the superior courts refuse to give the effect described, to foreign attachments issuing from an inferior tribunal, they have exercised their own authority in a manner very similar to that which is now contemplated; by ordering the sheriff to retain in his hands, for the use of the plaintiff in one action, a sum of money which he had levied for the defendant at his suit, in another action, Doug. 219.
But, on the second objection, I have the misfortune to differ from the opinion entertained by my brethren: For, I think, it has been long and clearly settled, upon principles of natural justice, and commercial convenience, that joint effects shall first be applied to the payment of joint debts ; and that the separate creditor of a partner shall not be let in to a share of the partnership property, till the whole of the partnership debts are satisfied. 2 Vern. 293. 706. 1 Vez. 242. 497. Cowp. 440. 1 P. *280 Wm. 183. It is only a moiety, therefore, of the surplus of the joint stock of M‘Carty & Cummings, after paying every lawful claim against the company, that can, in my opinion, be liable to the attachment instituted by Pringle’s administratrix against M'Carty, to recover a separate debt.
Smith, Justice.
As I agree with the Chief Justice, in every point of his opinion, for the reasons which he has assigned, it would be supersluous to express more than a general concurrence in the judgment of the Court.
By the Court: Let one moiety of the money attached be paid by the garnishee, to the administratrix of John Pringle; and let the other moiety be paid to the plaintiff in this action.